HEARD NOVEMBER TERM, 1875.

## ROWE *vs.* RAILROAD COMPANY.

In an action against a railroad company for the negligent killing of plaintiff's cow, testimony that the cow was turned out into the street to graze on the commons near the railroad track, that she was found lying in the ditch near the track with two legs broken, and that the land on both sides the track at that point belonged to the defendant, is sufficient evidence to entitle the plaintiff to have his case submitted to the jury, and does not show contributory negligence on the part of plaintiff.

BEFORE CARPENTER, J., AT RICHLAND, MAY TERM, 1875.

This was an action by William S. Rowe against the Greenville and Columbia Railroad Company for negligently killing the plaintiff's cow by a passing train of the defendant.

The action was brought before a Trial Justice, and the complaint alleged that the cow casually and without fault of the plaintiff strayed upon the track and ground occupied by the railroad of the defendant in the city of Columbia.

The case was set for trial on 19th April, 1872, and the defendants then appeared and put in a general denial, and pleaded that the accident occurred at a point where the property on both sides and adjacent to the track, as alleged, belonged to the defendants, and the plaintiff, the owner of the cow, became a trespasser on the rights, privileges and realty of the defendants, and is, therefore, not entitled to recover damages for loss of the cow.

The trial was had on 19th April, 1872, and judgment was entered in favor of the plaintiff for fifty dollars and costs.

The defendants appealed to the Court of Common Pleas of the County of Richland from the said judgment; and on the twenty-first day of May, 1875, the case came on to be heard before the Hon. R. B. Carpenter, Judge of the Fifth Judicial Circuit, and a jury.

William S. Rowe, the plaintiff, testified that he was the owner of a valuable cow, and that on the thirteenth day of April, 1872, he saw his cow lying in the ditch near the track of the Greenville and Columbia Railroad Company, with two legs broken; it was near the street leading to the penitentiary; it was not far from the depot of the railroad; the track at said point is straight for a considerable distance and no obstructions to the view; trains from either side could see a considerable distance ahead. He valued the cow at fifty dollars; she was worth more to him, but that was the valuation put upon her.

On cross-examination, witness testified: He returned the cow for taxation at the value of thirty ($30) dollars. He resided in the city of Columbia, near the Jewish burying ground. His land did not abut on the railroad track. He had a fence round his lot. He turned his cow out into the street that she might graze on the commons near the railroad. Had no one to watch her.

In reply: The commons are in the direction of the railroad; everybody turn their cows loose in Columbia.

Zadoc Martin was then introduced and testified: He saw the cow lying near the railroad track, with her legs broken. He did not see the cow struck. Valued the cow at forty dollars.

On cross-examination, witness testified: That he is a watchman in the employment of the Greenville and Columbia Railroad Company; that he knows the land on both sides of the track belongs to the railroad company, at the point where the cow was found injured.

The plaintiff then closed, and the defendant moved for a nonsuit, on the grounds:

1. Because the plaintiff had failed to prove that the cow was killed by the exclusive negligence of the defendants, and because the plaintiff had testified to contributory negligence sufficient to defeat his action.

2. Because the plaintiff wholly failed to prove that there were commons near the railroad track, or in that direction.

3. Because it was proved that the land on both sides of the track belonged to the railroad company, and the owner was not only a trespasser on the track of the railroad company, but was also a trespasser on the land of the railroad company.

4. Because the plaintiff had not proved that his cow was pasturing on his own land, or that it had escaped without his fault.

5. Because the plaintiff had not shown any proof that the cow was killed by any train upon the defendant's railroad track, or by any employee of said railroad.

The motion was overruled, and defendants excepted.

Defendants offered no testimony.

The Court charged the jury that if they believed, from the evidence, that the cow belonging to the plaintiff had been killed by the defendants, no evidence having been introduced to rebut the presumption of negligence then arising against the defendants, the verdict should be for the plaintiff, notwithstanding the fact that the lands on each side of the railroad belonged to the defendants; and that the fact that the plaintiff permitted the cow to go upon the lands of the defendants, and upon their track, did not amount to contributory negligence, and could not defeat the plaintiff's action.

To which the defendants excepted.

The jury found a verdict for the plaintiff for forty dollars.

The defendants appealed.

*Melton, Chamberlain & Wingate,* for appellants.

*Sloan,* contra.

April 18, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   This action is brought to recover damages for the loss of a cow alleged to have been killed on the 13th day of April, 1872, by the locomotive and cars belonging to the Greenville and Columbia Railroad Company.

At the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit on the following grounds, which are not now stated in the order in which they were presented :

1. Because the plaintiff had not shown any proof that the cow was killed by any train upon the defendant's road track or by any employee of said railroad.

2. Because the plaintiff had failed to prove that there were commons near the railroad track or in that direction.

3. Because the plaintiff had failed to prove that the cow was killed by the exclusive negligence of the defendants, and because the plaintiff had testified to contributory negligence sufficient to defeat his action.

There was certainly *prima facie* evidence that the cow of the plaintiff was killed by the train of the defendant.

The condition of the animal when found, her position in regard to the track of the railroad belonging to the appellant, and all the circumstances offered in evidence, were to be passed upon by the jury. It was a question simply of fact, on which the plaintiff had a right to the judgment of the jury.

A nonsuit should not be ordered where there is testimony, in the absence of counteracting proof, sufficient to sustain a conclusion in support of the fact on which a plaintiff relies to maintain the allegation of his complaint. Where there is an entire absence of evidence, there is nothing to justify the verdict of the jury; but where there is *prima facie* testimony in support of his complaint, he has a right to the judgment of the jury as to its force and effect.

In *Rogers* vs. *Madden,* (2 Bail., 323,) it is said: "The practice of ordering a nonsuit *in invitum* for defect of testimony is to be pursued with caution. If a plaintiff has any *prima facie* testimony, he has a right to the verdict of a jury upon it."

The course of this Court has been in conformity with the rule thus declared. The two other grounds on which the appellants rested their motion may be considered together.

The second charges contributory negligence in the fact that the appellee failed to prove that there were commons near to or in the direction of the railroad. This would imply that where such an animal as a cow is permitted to leave the enclosure of its owner, he is responsible for the course that "its appetite or curiosity" will incline it to take.

There is no statute in this State which forbids the straying of cattle on unenclosed land, nor is there even an ordinance in the city of Columbia, where this injury complained of was inflicted, that prevents cattle from running in the streets.

The charge of the presiding Judge was in all respects in conformity with the law in *Danner* vs. *Railroad Company,* (4 Rich., 329,) which was confirmed by this Court in *Roof* vs. *Railroad Company,* (4 S. C., 61.)

The motion is dismissed.

*Moses,* C. J., concurred.

WILLARD, A. J. I concur in the judgment, on the ground that there was evidence from which it was competent as matter of law for the jury to find negligence on the part of defendants. The question of contributory negligence could not be raised on a motion for nonsuit. I do not consider that the effect of the charge was to relieve the jury from determining the question of negligence on the part of the defendants upon the facts proved.